**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

CYNTHIA CHAVEZ,
        *Defendant-Appellant.*

No. 09-50434

D.C. No.
09-CR-687 (W)

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted May 7, 2010*
Pasadena, California

Filed July 8, 2010

Before: Diarmuid F. O'Scannlain and Richard C. Tallman,
Circuit Judges, and Frederic Block,** District Judge.

Per Curiam Opinion

---

*The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

9663

## COUNSEL

Karen P. Hewitt, United States Attorney for the Southern District of California, by Bruce R. Castetter and Amie D. Rooney, Assistant United States Attorneys, San Diego, California, for the plaintiff-appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

## OPINION

PER CURIAM:

Defendant-Appellant Cynthia Chavez ("Chavez") timely appeals her sentence of 15 months' incarceration for narcotics convictions. Chavez claims that her personal characteristics entitled her to a maximum sentence of probation on the theory that the parsimony clause of 18 U.S.C. § 3553(a) establishes the "statutory maximum" for *Apprendi* purposes. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We write principally to reject Chavez's flawed understanding of *Apprendi*, because the criminal statute of conviction—not the parsimony clause of the sentencing statute—sets the *Apprendi* maximum. We affirm.

## I

Driving an automobile laden with more than 30 kilograms of marijuana, Chavez attempted to enter the United States at

Calexico, California, on February 13, 2009. Customs and Border Protection officers stopped her, searched her car, and discovered her marijuana. Chavez was indicted on one count of importation of a controlled substance, 21 U.S.C. § 960(b)(4); and one count of possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(b)(1)(D). Each conviction authorized a sentence of not more than five years of incarceration. Chavez pleaded guilty to these charges on June 1, 2009, without a plea agreement.

The pre-sentence report ("PSR") computed an adjusted offense level of 16; with Chavez's criminal history category of II, the PSR reached an advisory Guidelines range of 24 to 30 months' imprisonment for each count. The PSR recommended a Guidelines sentence on each count, running concurrently.

At sentencing, the district court granted an additional reduction of one point for acceptance of responsibility; it also *sua sponte* gave Chavez a two point minor-role adjustment. The new adjusted offense level of 13 produced an advisory Guidelines range of 15 to 21 months' imprisonment.

Chavez argued that incarceration was not warranted in light of her personal characteristics; she stressed in particular that she was a single mother raising two young children. She requested probation.

The district court noted that the Guidelines range was advisory, and imposed a sentence of 15 months' imprisonment for each count, to run concurrently: "Mindful of the fact that the statutory maximum for [both offenses] is five years, and reviewing the criteria set forth in title 18, section 3553(a), I find that the low end of the adjusted guideline range would be a sufficient sentence but not greater than necessary."

## II

**[1]** Chavez believes that her sentence was greater than necessary because it was more than probation, relying on the

"parsimony clause" of 18 U.S.C. § 3553(a): "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." *See* 18 U.S.C. § 3553(a)(2) (listing applicable sentencing factors). Because her sentence was, in her view, "greater than necessary," it violated the Sixth Amendment under *Apprendi*. 530 U.S. at 489-90. She also contends that it was procedurally and substantively unreasonable.

## A

Chavez failed to make her *Apprendi* argument in the district court. *Apprendi* claims "raised for the first time on appeal" are "reviewed for plain error." *United States v. Lopez*, 500 F.3d 840, 848 (9th Cir. 2007) (citing *United States v. Castillo-Rivera*, 244 F.3d 1020, 1024 (9th Cir. 2001)).

[2] The district court did not commit error, let alone plain error, in determining Chavez's sentence. *Apprendi* and its progeny proscribe any sentence "above the *statutory maximum* based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham v. California*, 549 U.S. 270, 274-75 (2007) (emphasis added; citations omitted). The applicable "statutory maximum" is "the maximum [a judge] may impose *without* any additional findings." *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004) (emphasis in original); *see also United States v. Booker*, 543 U.S. 220, 244 (2005).

[3] Chavez's guilty pleas exposed her to a maximum of five years' imprisonment for each count. The statutes of conviction—not the parsimony clause—set the statutory maximum. *United States v. Ray*, 484 F.3d 1168, 1171 (9th Cir. 2007) ("[T]he definition of 'statutory maximum' continues to come from the United States Code."); *see also United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005) (holding that the "usual and ordinary" meaning of "statutory maximum" is "the upper limit of punishment that Congress has legislatively

specified for violation of a statute") (citation and internal quotation marks omitted); *United States v. Archuleta*, 412 F.3d 1003, 1007 (8th Cir. 2005) ("[T]he criminal statute of conviction still provides 'the maximum [penalty] authorized by the facts established by a plea of guilty or a jury verdict.' ") (quoting *Booker*, 543 U.S. at 244).

**[4]** The parsimony clause does not set a separate statutory maximum for Sixth Amendment purposes. The clause is a guidepost, an overarching principle that directs judges in the appropriate exercise of their sentencing discretion within the sentencing range authorized and consideration of factors prescribed by Congress. *See Booker*, 543 U.S. at 233 ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also*, *e.g.*, *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (referring to clause as "overarching provision" that, post-*Booker*, "permits the court to tailor the sentence" to the individual defendant and crime in light of the goals of the Sentencing Reform Act of 1984) (citing *Booker*, 543 U.S. at 245-46); *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008) (referring to sentencing purposes of § 3553(a) as "a tapestry of factors, through which runs the thread of an overarching principle" that is "sometimes referred to as the 'parsimony principle' ") (citing *Kimbrough*, 552 U.S. at 101); *United States v. Borho*, 485 F.3d 904, 912 (6th Cir. 2007) ("[T]he guidepost for sentencing decisions post-*Booker* is the 'parsimony requirement[.]' "); *cf. United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006) ("Selection of an appropriate amount of punishment inevitably involves some degree of subjectivity that often cannot be precisely explained.").

Chavez's construction would make any criminal sentence subject to a Sixth Amendment challenge—not because the sentence imposed is more than that authorized by "the fact of a prior conviction" or a verdict of guilt, *Apprendi*, 530 U.S. at 489-90—but simply because it is harsher than a defendant would prefer. We do not read the parsimony clause to com-

mand a particular result. We do read it to direct sentencing judges to use the concept of "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), as an "overarching principle [that] necessarily informs a sentencing court's consideration of the entire constellation of section 3553(a) factors[.]" *Rodriguez*, 527 F.3d at 228 (citing *Kimbrough*, 552 U.S. at 101).

## B

**[5]** Chavez's claim that her sentence was procedurally unreasonable is equally without merit. A sentencing judge is required to give adequate consideration to the § 3553(a) factors, *Gall v. United States*, 552 U.S. 38, 51 (2007), and the district court did so. The sentencing judge reviewed the § 3553(a) factors and concluded that 15 months' imprisonment was sufficient but not greater than necessary. A sentencing judge "need not rehearse on the record all of the considerations" listed in § 3553(a). *United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006) (citation omitted). Such a "checklist recitation" of sentencing factors "is neither necessary nor sufficient for a sentence to be reasonable." *Id.* at 912-13 (citations omitted).

## C

Chavez lastly claims that her sentence is substantively unreasonable, again relying upon the parsimony provision. We review for abuse of discretion. *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009) (citing *Gall*, 552 U.S. at 51).

**[6]** "[W]here judge and [the Sentencing] Commission *both* determine that the Guidelines sentence is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement)." *Rita v. United States*, 551 U.S. 338, 355 (2007) (emphasis in original). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably

within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010) (citation and internal quotation marks omitted). Chavez's case was a rather ordinary one, and 15 months' imprisonment was at the low end of a Guidelines range that was appropriately calculated. The district court did not abuse its discretion.

**AFFIRMED.**