**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50007 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04387-BEN-1 |
| v. | |
| JORGE CORDOVA-VILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 1, 2010[**]
Pasadena, California

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

Jorge Cordova-Villa appeals his sentence following a guilty plea to a single

count of attempting to enter the United States after being previously removed. *See*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1326. As the facts are known to the parties, we repeat them here only as necessary to explain our decision.

## I

Cordova-Villa first contends that the sentence the district court imposed was substantively and procedurally unreasonable because the district court judge improperly considered his criminal history three times in selecting a sentence above the Guidelines minimum. We disagree. District courts are explicitly required to consider "the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The district court's consideration of Cordova-Villa's criminal history for more than one purpose under the Guidelines was proper. *See United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008).

## II

## A

Cordova-Villa contends that the district court erred by refusing to grant a continuance. We disagree. At sentencing, Cordova-Villa requested a continuance to speak to the probation office about mitigating evidence related to duress. The district court made clear that even if Cordova-Villa did so, it would not impact his sentence, and noted that the court had already reviewed Cordova-Villa's allegations of mitigating evidence in a filing under seal. Accordingly, the district

2

court did not abuse its discretion by denying Cordova-Villa's requested continuance. *See United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir. 1999) (en banc).

B

Cordova-Villa next argues that the district court erred by relying on his post-arrest silence to deny his request for a reduced sentence based on mitigating evidence of duress. We disagree. Because Cordova-Villa did not raise this objection before the district court, we review the district court's decision for plain error. *See United States v. Rendon-Duarte*, 490 F.3d 1142, 1146 (9th Cir. 2007). Cordova-Villa's sentence was unaffected by any potentially improper inferences drawn by the district court. For that reason, Cordova-Villa's substantial rights were not affected, nor were the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

III

Cordova-Villa's final claim is that the district court violated the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by imposing a sentence that violated the parsimony principle embedded in section 3553(a). We reject this claim because it is directly foreclosed by our decision in *United States v. Chavez*, 611 F.3d 1006, 1009–10 (9th Cir. 2010) (per curiam).

IV

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**