NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50422 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00301-CJC-1 |
| v. | |
| COLIN NATHANSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 1, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and ZOUHARY, District Judge.[**]

Pursuant to a plea agreement, Appellant Colin Nathanson (Nathanson) pled

guilty to six counts of mail fraud based on a scheme to defraud investors in his

companies. Nathanson challenges his sentence of 324 months' imprisonment.

----

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

**1.**     The district court did not err in imposing a two-level enhancement based on Nathanson's violation of prior administrative orders. Nathanson admitted violating several cease and desist orders precluding him from selling unregistered securities. *See United States v. Brigham*, 447 F.3d 665, 670 (9th Cir. 2006); *see also* U.S.S.G. § 2B1.1(b)(8)(C)(2008).

**2.**     The district court properly applied a four-level enhancement to Nathanson's sentence premised on his leadership role in the scheme to defraud. Nathanson's plea agreement establishes that Nathanson served as the chief executive officer of the companies involved in the scheme to defraud and was responsible for the operation and management of the Nathanson Investment Trust and its accounts; directly communicated to investors fraudulent information concerning their investments; and organized the scheme to defraud with a criminally culpable business partner. *See United States v. Govan*, 152 F.3d 1088, 1096 (9th Cir. 1998) (explaining the facts the district court may consider). Despite Nathanson's argument that he did not organize or lead another criminally culpable participant, this enhancement may be applied without an express finding of such conduct where the defendant "nevertheless exercised management responsibility over the

property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1 cmt. n.2 (2008).

**3.** The district court did not err in applying a two-level enhancement for abuse of trust. The plea agreement established that Nathanson personally encouraged investors to invest in his fraudulent scheme; personally informed investors that he had the discretion and knowledge to properly invest their funds; and fraudulently withdrew the investors' funds from a trust purportedly established to protect the investments. *See United States v. Contreras*, 581 F.3d 1163, 1165 (9th Cir. 2009), *adopted in relevant part by United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010) (en banc); *see also United States v. Thornton*, 511 F.3d 1221, 1227-28 (9th Cir. 2008) (noting that for the enhancement to apply, "[t]he position need not be that of a fiduciary") (citation omitted).

The district court's application of the abuse of trust enhancement did not constitute impermissible double counting. *See United States v. Laurienti*, 611 F.3d 530, 556 (9th Cir. 2010) ("Where the abuse-of-trust consideration is *not* included in the base offense level, no unfairness results.") (emphasis in the original).

**4.** The district court properly applied the obstruction of justice enhancement

based on Nathanson's perjury in a declaration in support of a motion to quash a subpoena from the Securities and Exchange Commission. *See United States v. Yip*, 592 F.3d 1035, 1042 (9th Cir. 2010).

5.     The district court complied with Federal Rule of Criminal Procedure 32 because the district court considered Nathanson's objections to the presentence report that were necessary for sentencing, determining that Nathanson's additional objections did not impact his sentence,  *see* Fed. R. Crim. P. 32(i)(3)(B), and adopted the government's position. *See United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007) ("[T]he rule is complied with where the district court expressly adopts the position of either party to the dispute.").

6.     Nathanson's sentence was substantively reasonable, as the district court fully considered the 18 U.S.C. § 3553(a) factors, Nathanson's letters and certificates, the applicable enhancements, and Nathanson's conduct before imposing a within-Guidelines sentence. *See United States v. Chavez*, 611 F.3d 1006, 1011 (9th Cir. 2010) ("Where judge and the Sentencing Commission *both* determine that the Guidelines sentence is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors including its not greater than necessary

requirement.") (citation, alterations, parentheses, and internal quotation marks omitted) (emphasis in the original).

**AFFIRMED.**