**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10579 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01126-JMR |
| v. | |
| RAUL CHRISTIAN LOPEZ-ARROYO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Raul Christian Lopez-Arroyo appeals from the 192-month sentence imposed

following his guilty-plea conviction for conspiracy to possess with intent to

distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

846; and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii).

Lopez-Arroyo contends that he was sentenced in violation of the Sixth Amendment because his base offense level was enhanced on the basis of facts not found by a jury. This argument fails because his sentence did not exceed the statutory maximum of life imprisonment. *See United States v. Chavez*, 611 F.3d 1006, 1009 (9th Cir. 2010) (per curiam).

Lopez-Arroyo also contends that the district court clearly erred by imposing a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) and a three-level aggravating role enhancement under U.S.S.G. § 3B1.1(b). In connection with this argument, he contends that the district court was required to use the standard of clear and convincing evidence in determining whether the government had carried its burden of establishing that the enhancements were warranted. Lopez-Arroyo's arguments lack merit. The enhancements were subject to the preponderance of the evidence standard, as they did not have an "extremely disproportionate effect on the sentence relative to the offense of conviction." *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) (internal quotation marks omitted). Applying this standard, the district court did not clearly err in imposing the enhancement for possession of a dangerous

weapon. *See United States v. Pitts*, 6 F.3d 1366, 1372-73 (9th Cir. 1993). Nor did the district court clearly err in determining that Lopez-Arroyo managed or supervised criminal activity that involved at least five participants. *See United States v. Garcia*, 497 F.3d 964, 969-70 (9th Cir. 2007).

Lopez-Arroyo also contends that his sentence is substantively unreasonable. Lopez-Arroyo's within-Guidelines sentence is substantively reasonable under the totality of circumstances and in light of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Lastly, Lopez-Arroyo contends that the district court violated his Sixth Amendment right to counsel by failing to continue sentencing sua sponte. The district court did not abuse its discretion by failing to continue sentencing. *See United States v. Orlando*, 553 F.3d 1235, 1237-38 (9th Cir. 2009). To the extent Lopez-Arroyo contends that he was denied the right to the effective assistance of counsel at sentencing, we decline to consider such a claim on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

We are in receipt of Lopez-Arroyo's pro se letter, received on January 12, 2012, withdrawing his motion to relieve counsel and proceed pro se. Accordingly, Lopez-Arroyo's motion, received on December 19, 2011, is denied.

**AFFIRMED.**