**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30116 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00119-RFC-1 |
| v. | |
| JAMES JAY SAY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Submitted March 5, 2013[**]
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

   Following a bench trial, James Say was convicted of two counts and

sentenced to 240 months in custody, followed by a lifetime of supervised release.

The district court rejected Say's insanity defense, which was based on Say's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

schizophrenia. Say now appeals the rejection of his insanity defense and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

To establish an insanity defense, Say bore the burden of proving, by clear and convincing evidence, that as a result of his schizophrenia he was "unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. The district court did not clearly err in finding that Say failed to make this showing. *See United States v. Overton*, 573 F.3d 679, 685, 688 (9th Cir. 2009) (reviewing findings of fact made during a bench trial for clear error).

The record supported the finding that Say appreciated both the moral and legal wrongfulness of his actions. Dr. Low concluded that Say was not legally insane, and it was not clearly erroneous for the district court to accept that conclusion over Dr. Scolatti's opposite conclusion. *See United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc))). Dr. Low had a significant amount of experience assessing defendants for legal sanity, and she had examined Say three times.

Other evidence and the stipulated facts also supported the district court's finding, including Say's reference to himself on his f-serve as the prosecutor's

2

"worst nightmare" and warning to government agencies to stay away. Moreover, Say did not explain why, even if he believed he needed to download certain files to protect his mother or better perform his duties as a minister for the Church of Spiritual Humanism, he not only downloaded them for himself, but advertised and distributed them to others.

Say's argument that the district court failed to consider "wrongfulness" in light of his schizophrenia is unpersuasive. The district court took Say's hallucinations and delusions into account, but it determined that they did not render him unable to appreciate the wrongfulness of his actions. That finding was not clearly erroneous.

We also conclude that Say's below-Guidelines sentence of 240 months in custody was reasonable. *See United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009) ("Appellate review . . . is limited to determining whether the sentence is reasonable . . . ." (internal alterations and quotation marks omitted)). The district court sentenced Say to protect the public from the risk that Say would reoffend given, among other things, Say's history and poor mental health prognosis. That determination was not unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir. 2008) (en banc) ("For a non-Guidelines sentence, we are to give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a

whole, justify the extent of the variance." (internal quotation marks omitted)).

With respect to Say's argument that 240 months is longer than necessary, we note

that the parsimony clause does not "command a particular result," but is an

"overarching principle that directs judges in the appropriate exercise of their

sentencing discretion within the sentencing range authorized and consideration of

factors prescribed by Congress." *United States v. Chavez*, 611 F.3d 1006, 1010

(9th Cir. 2010).

**AFFIRMED.**