**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10137 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01349-DCB-HCE-1 |
| v. | |
| ROBERTO CASTRO-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California

Before: FISHER and BERZON, Circuit Judges, and QUIST, Senior District
Judge.[**]

Roberto Castro-Lopez was convicted of violating 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(ii)(II), 952(a), 960(a)(1), 960(b)(1)(b)(ii), and received the minimum

sentences required by statute. He appeals those sentences, arguing that he should

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

have been sentenced under the "safety valve" provision, 18 U.S.C. § 3553(f), and that the district court's contrary conclusion relied on the fact of his prior juvenile adjudications, a fact that constitutionally should have been proven to a jury under *United States v. Tighe*, 266 F.3d 1187, 1194–95 (9th Cir. 2001), and *United States v. Washington*, 462 F.3d 1124, 1141–42 (9th Cir. 2006). Where, as here, Castro failed to object to the constitutionality of his sentence before the district court, we review for plain error. *See, e.g.*, *United States v. Chavez*, 611 F.3d 1006, 1009 (9th Cir. 2010) (per curiam).

*Tighe*, 266 F.3d at 1194–95, and *Washington*, 462 F.3d at 1141–42, require that the fact of a prior non-jury juvenile adjudication be proven to a jury, or admitted by a defendant, only where *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny apply. *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1263 (9th Cir. 2005), affirmed the constitutionality of the safety valve provision notwithstanding that provision's reliance on judicial factfinding. If there is any tension between *Labrada-Bustamante* and *Alleyne v. United States*, 133 S. Ct. 2151 (2013) — which we do not decide — it does not represent the sort of "clearly irreconcilable" conflict that would allow us to overrule *Labrada-Bustamante*, *see Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), on plain error review.

2

**AFFIRMED.**