**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



MAR 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICHOLAS BICKLE,

Defendant-Appellant.

No. 12-10386

D.C. No. 2:10-cr-565-RLH-PAL
District of Nevada

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California

Before: WALLACE, GOULD, Circuit Judges, and HUCK, District Judge.[**]

Nicholas Bickle, a former United States Navy SEAL, was convicted of

thirteen counts related to illegally importing and selling military firearms. The

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Paul C. Huck, District Judge for the U.S. District Court for the Southern District of Florida, sitting by designation.

district court sentenced him to 210 months imprisonment. Bickle challenges his sentence as unreasonable, arguing that the district court failed to grant a downward departure and variance based on his suffering a military discharge and his service-related disability, and that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by enhancing his sentence based on the number of weapons involved in his crimes.

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Swank*, 676 F.3d 919, 921 (9th Cir. 2012). There is an intracircuit conflict as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion. *Id.* at 921-22. Where the standard of review is not case dispositive, there is no need for us to resolve the conflict. *Id.* at 922. We review Bickle's actual sentence for procedural and substantive reasonableness, under an abuse of discretion standard. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review Bickle's *Apprendi* claim de novo, because he raised it before the district court. *United States v. Dare*, 425 F.3d 634, 638 (9th Cir. 2005). We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

The district court did not abuse its discretion in its consideration of the effect of Bickle's military discharge. The district court stated it gave careful

consideration to the memorandum filed by defendant's counsel, which included information and argument about Bickle's discharge. Thus, the district court did not commit procedural error. *United States v. Daniels*, 541 F.3d 915, 921–22 (9th Cir. 2008). Nor did the district court abuse its discretion in not departing or granting a variance from the Sentencing Guidelines. *United States v. Asberry*, 394 F.3d 712, 720 (9th Cir. 2005); *see also United States v. Ruiz-Apolonio*, 657 F.3d 907, 916 (9th Cir. 2011).

The district court did not err in refusing to depart from the Sentencing Guidelines because of Bickle's post-traumatic stress disorder. Bickle argued before the district court and here that his service-related condition gave him diminished mental capacity. The district judge found nothing in the record to support Bickle's argument that he suffered from diminished capacity because of his military service, and thus during commission of his offenses, rather than because of his arrest after commission of the offenses. Regardless, Bickle carefully planned his crimes. Post-traumatic stress disorder may mitigate culpability for spontaneous criminal conduct, but usually cannot mitigate culpability for carefully planned conspiratorial conduct like these crimes. The district court thus did not err by refusing to depart from the Sentencing Guidelines. *Asberry*, 394 F.3d at 720.

We also affirm the district court to the extent Bickle challenges the jury instruction as improper because the instruction correctly allowed the jury to

convict him based on a disjunctive charge. *Turner v. United States*, 396 U.S. 398, 420–21 (1970) ("when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged").

Finally, the district court did not violate *Apprendi* by assessing a sentence enhancement for the number of weapons Bickle trafficked. The district court instructed the jury that it only needed to find that Bickle committed the offense with respect to a single weapon, which, he argues, means the judge made factual findings that additional weapons were involved. Bickle's 210-month sentence does not exceed the statutory maximum for his crimes, so application of the enhancement did not violate *Apprendi*. *United States v. Chavez*, 611 F.3d 1006, 1009 (9th Cir. 2010); 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (j), or (o) of section 922 shall be . . . imprisoned not more than 10 years . . . ").

**AFFIRMED.**