FILED

NOT FOR PUBLICATION

DEC 15 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>RAFAEL RUIZ-RUIZ,<br><br>　　　　　　Defendant - Appellant. | No. 14-50492<br><br>D.C. No. 3:14-cr-01713-LAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 9, 2015[**]

Before:　　WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

　　　Rafael Ruiz-Ruiz appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ruiz-Ruiz first contends that the district court abused its discretion by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1.  Contrary to Ruiz-Ruiz's argument, the record reflects that the district court properly based its denial of the fast-track departure on individualized factors and not on a blanket policy of denying fast-track departures to a certain group of defendants.  *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183-84 (9th Cir. 2015).

We likewise reject Ruiz-Ruiz's argument that the district court's denial of the fast-track departure was improper because it interfered with the prosecutor's exercise of discretion in plea bargaining.  *See id.* at 1183.

Finally, Ruiz-Ruiz argues that his sentence is substantively unreasonable in light of the court's denial of the fast-track departure and its focus on the need for deterrence.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Ruiz-Ruiz's immigration history.  *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

14-50492