**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50542 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02509-LAB |
| v. | |
| NOE ESTRADA-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Noe Estrada-Martinez appeals from the district court's judgment and

challenges the 21-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Estrada-Martinez contends that the district court procedurally erred by failing to use the advisory Guidelines as the starting point for its sentencing analysis. We review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Although the district court initially indicated that it was not inclined to grant a fast-track departure under U.S.S.G. § 5K3.1 because it would result in an unacceptable sentencing range, the record reflects that the court provided the parties an opportunity to argue in favor of the requested departure before denying it. It then correctly calculated the advisory Guidelines range, and kept that range in mind while weighing the 18 U.S.C. § 3553(a) sentencing factors. The court did not procedurally err. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1181-82 (9th Cir. 2015).

Estrada-Martinez also contends that his sentence is substantively unreasonable in light of the district court's denial of the fast-track departure. The district court did not abuse its discretion in imposing Estrada-Martinez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Estrada-Martinez's significant immigration history and failure to be deterred by prior sentences. *See Gall*, 552 U.S. at 51 (2007).

**AFFIRMED.**