**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50065 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02530-LAB |
| v. | |
| EFRAIN MARTIN THOMAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 18, 2017[**]

Before:   TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Efrain Martin Thomas appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Thomas contends that the district court erred by refusing to grant the government's motion for a four-level fast-track departure under U.S.S.G. § 5K3.1, and instead granting only a one-level departure. "In analyzing challenges to a court's upward and downward departures . . . under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The 36-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Thomas's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Further, contrary to Thomas's argument, the record reflects that the district court properly based its denial of the full fast-track departure on individualized factors and not on a blanket policy of denying fast-track departures. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183-84 (9th Cir. 2015).

Thomas next contends that the district court erred in failing to rule on his motion for a downward departure under U.S.S.G. § 4A1.3(b). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there was none. The record reflects that the district court considered Thomas's motion and determined that circumstances did not warrant a downward departure. Contrary to Thomas' contentions, the district court did not

violate Federal Rule of Criminal Procedure 32 because Thomas did not raise any factual challenges to the presentence report that the district court had to resolve. *See United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009).

**AFFIRMED.**