**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROMAN BENTURA-ORTIZ,

Defendant-Appellant.

No. 15-50106

D.C. No. 3:14-cr-02954-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Roman Bentura-Ortiz appeals from the district court's judgment and

challenges the 16-month custodial sentence and 3-year term of supervised release

imposed following his guilty-plea conviction for being a removed alien found in

the United States, in violation of 8 U.S.C. § 1326(a).   We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Bentura-Ortiz first contends that the district court abused its discretion by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1. Contrary to Bentura-Ortiz's argument, the record reflects that the district court properly based its denial of the fast-track departure on individualized factors and not on a blanket policy of denying fast-track departures. *See United States v. Rosales-Gonzales,* 801 F.3d 1177, 1183-84 (9th Cir. 2015).

Bentura-Ortiz next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Bentura-Ortiz's immigration history and the need to afford adequate deterrence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012) (imposition of supervised release as a deterrent was reasonable). Moreover, contrary to Bentura-Ortiz's contention, the record reflects that the district court considered the applicable section 3553(a) factors and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

**AFFIRMED.**

15-50106