NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50036 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02562-LAB |
| v. | |
| LUIS PEREZ-RIOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Luis Perez-Rios appeals from the district court's judgment and challenges

the 24-month sentence imposed following his guilty-plea conviction for being a

removed alien found in the United States, in violation of 8 U.S.C. § 1326.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Perez-Rios contends that the district court abused its discretion by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1 because the district court allegedly based its determination on a disagreement with the Congressional policy that authorizes fast-track departures. Contrary to Perez-Rios's argument, the record reflects that the district court properly based its denial of the fast-track departure on the individualized factors of his case, including his substantial criminal history and the need for deterrence. *See United States v. Rosales-Gonzales,* 801 F.3d 1177, 1183-84 (9th Cir. 2015) (district court must consider individual factors and exercise its discretion when evaluating whether to grant a fast-track departure).

Perez-Rios next contends that his sentence is substantively unreasonable in light of the district court's allegedly erroneous denial of the fast-track departure. The district court did not abuse its discretion in imposing Perez-Rios's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-50036