**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50046 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02434-BEN |
| v. | |
| DAMASO DURAN-RENDON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Damaso Duran-Rendon appeals from the district court's judgment and challenges the 27-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Duran-Rendon contends that the district court erred by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1 based on a policy of denying a fast-track departure to a defendant who has previously received one. Contrary to Duran-Rendon's argument, the record reflects that the district court properly based its decision on the individualized factors of his case, including his immigration and criminal history. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183-84 (9th Cir. 2015). Insofar as Duran-Rendon argues that his sentence is substantively unreasonable in light of the court's denial of the departure, the court did not abuse its discretion. *See id.* at 1182, 1184. The high-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Rosales-Gonzales*, 801 F.3d at 1184-85.

Duran-Rendon also contends that the district court procedurally erred by failing to consider and address his mitigating arguments and all of the section 3553(a) sentencing factors, and by failing to explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and hold there is none. The record reflects that the court considered Duran-Rendon's arguments and the relevant sentencing factors, and its explanation of the sentence was sufficient. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

**AFFIRMED.**