**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NOLBERTO ORTEGA-AGUILAR,

Defendant-Appellant.

</td><td>

Nos. 15-50484
     15-50485

D.C. No. 3:15-cr-01782-DMS
     3:15-cr-07114-DMS

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

In these consolidated appeals, Nolberto Ortega-Aguilar appeals his guilty-plea conviction and 46-month sentence for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 21-month consecutive sentence imposed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortega-Aguilar contends that the magistrate judge erred under Federal Rule of Criminal Procedure 11(c)(3)(B) by failing to admonish him that he did not have the right to withdraw his guilty plea if the district court declined to follow the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1. We review for plain error, *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004), and find none. In light of the record and the plea agreement, Ortega-Aguilar has not demonstrated a reasonable probability that, but for the alleged error, he would not have entered a guilty plea. *See id.* at 83, 85.

Ortega-Aguilar next contends that the district court erred by failing to give him an opportunity to withdraw his guilty plea after denying the parties' joint recommendation for a fast-track departure. Contrary to Ortega-Aguilar's contention, the plain language of his plea agreement reflects that it was made pursuant to Rule 11(c)(1)(B). *See United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) (courts enforce literal terms of plea agreement). Accordingly, the district court was not required to give him an opportunity to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(c)(5).

Finally, Ortega-Aguilar argues that his aggregate sentence is substantively unreasonable in light of the mitigating factors and the district court's denial of the fast-track departure. The district court did not abuse its discretion in imposing Ortega-Aguilar's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Ortega-Aguilar's extensive criminal history. *See Gall*, 552 U.S. at 51; *United States v. Rosales-Gonzales*, 801 F.3d 1177, 1182-85 (9th Cir. 2015).

**AFFIRMED.**