NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 16-50114 |
| Plaintiff-Appellee, | 16-50124 |
| v. | D.C. Nos. 3:15-cr-02884-LAB |
| | 3:12-cr-01420-LAB |
| DARIO GONZALEZ-FAVELA, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

In these consolidated appeals, Dario Gonzalez-Favela appeals the 63-month

sentence imposed following his guilty-plea conviction for attempted reentry of a

removed alien, in violation of 8 U.S.C. § 1326, and the 12-month consecutive

sentence imposed upon revocation of supervised release.  We have jurisdiction

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Gonzalez-Favela contends that the district court erred by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1 because it failed to engage in a comparative analysis of Gonzalez-Favela relative to other defendants with a criminal history category of VI who nevertheless received a fast-track departure. The court did not abuse its discretion. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1178 (9th Cir. 2015) (fast-track departure is "purely discretionary"). The record reflects that the court properly denied the departure based on the particular factors of Gonzalez-Favela's case, including the court's previous grant of a fast-track departure to Gonzalez-Favela, and his extensive immigration and criminal history. *See id.* at 1183-84. Moreover, the aggregate 75-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**