**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50273 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00883-LAB |
| v. | |
| JULIO CESAR TORRES-MARTINEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Julio Cesar Torres-Martinez appeals from the district court's judgment and challenges the 16-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

For the first time on appeal, Torres-Martinez argues that the government breached the terms of the parties' plea agreement by failing to recommend a sentence in the "middle-range" of the Guidelines. The government argues that Torres-Martinez waived this claim by failing to raise it in the district court. We decline to decide whether Torres-Martinez waived his breach claim because, even if merely forfeited, Torres-Martinez cannot show plain error. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). The government recommended a sentence of ten months, which was in the "middle range" of the parties' Guidelines calculation, as Torres-Martinez's sentencing memorandum implicitly acknowledged. Moreover, even treating the ten month recommendation as a breach, it did not affect Torres-Martinez's substantial rights because the record makes clear that there is no reasonable probability that the court would have imposed a different sentence absent the breach. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013).

Torres-Martinez next contends that the district court procedurally erred when it denied the parties' joint request for a two-level departure under U.S.S.G. § 5K1.3, and imposed a substantively unreasonable sentence. We do not review the procedural correctness of a district court's departure decision; rather, we review the substantive reasonableness of the ultimate sentence under an abuse of discretion standard. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180

2                                                                      17-50273

(9th Cir. 2015). The court did not abuse its discretion. It properly considered Torres-Martinez's immigration history, including his three prior illegal reentry offenses. *See id.* at 1184. The 16-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFRIMED.**

17-50273