NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50357 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01262-LAB |
| v. | |
| FERNANDO OROZCO-URANGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Fernando Orozco-Uranga appeals from the district court's judgment and challenges the 41-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Orozco-Uranga contends that the district court improperly double counted when it imposed a four-level enhancement for a prior illegal reentry offense and then used that offense to justify a lesser fast-track departure than that recommended by the parties. The court did not abuse its discretion. *See United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir. 2013). First, the four-level enhancement reflected only one of Orozco-Uranga's four prior immigration offenses, while the district court denied the fast-track departure on the basis of Orozco-Uranga's immigration history as a whole. Second, double counting is impermissible only "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) (internal quotations omitted). Here, the district court correctly applied a four-level enhancement based on Orozco-Uranga's prior illegal reentry conviction, *see* U.S.S.G. § 2L1.2(b)(1)(A) (2016), and then *decreased* Orozco-Uranga's base offense level under U.S.S.G. § 5K3.1. The court did not double count or otherwise err by considering Orozco-Uranga's prior immigration offense in granting only a one-level reduction. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015) (under 18 U.S.C.

17-50357

§ 3553(a), district court may consider defendant's immigration history to determine whether to grant fast-track reduction and the proper sentence). Nor does the record support Orozco-Uranga's assertion that the court misapplied the Guidelines calculation to create the sentencing range it preferred. *See id.* at 1181-82.

**AFFIRMED.**