NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50081 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03392-LAB |
| v. | |
| SALVADOR BUSTOS-GUTIERREZ, a.k.a. Santos Carrillo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Salvador Bustos-Gutierrez appeals from the district court's judgment and

challenges the 50-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Bustos-Gutierrez contends that the district court abused its discretion by denying the parties' joint request for a four-level, fast-track departure under U.S.S.G. § 5K3.1. He argues that the court acted pursuant to an improper blanket policy of denying fast-track adjustments to defendants with a prior immigration history. The record belies Bustos-Gutierrez's claim. The district court explained that it was denying a fast-track departure in Bustos-Gutierrez's case because of his particular circumstances, especially his extensive immigration record, his prior participation in the fast-track program, and his criminal history. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183-84 (9th Cir. 2015).

Bustos-Gutierrez next contends that the sentence is substantively unreasonable because the district court gave excessive weight to the need to deter and too little weight to his personal characteristics. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the length of Bustos-Gutierrez's prior sentences for the same offense, *see United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir. 2015), and does not create unwarranted sentencing disparities.

**AFFIRMED.**

18-50081