**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50269 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04136-LAB-1 |
| v. | |
| JORGE TORRES-GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Jorge Torres-Gonzalez appeals from the district court's judgment and challenges the 68-month sentence imposed following his jury-trial conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torres-Gonzalez first contends that the district court's pre-trial ruling that it would deny a fast-track departure under U.S.S.G. § 5K3.1 violated his constitutional rights and unfairly compelled him to go to trial.  However, the district court has discretion to grant or deny a fast-track departure, and the record refutes Torres-Gonzalez's suggestion that the district court's reason for denying the reduction was improper.  *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015) (district court may exercise its discretion to deny a fast-track reduction based on the defendant's criminal and immigration history).  Moreover, because Torres-Gonzalez ultimately elected to go to trial, the district court properly concluded that he was ineligible for the departure.  *See United States v. Heredia*, 768 F.3d 1220, 1237 (9th Cir. 2014) (fast-track departures are available to defendants "who quickly plead guilty").

Torres-Gonzalez also contends that the district court misapplied U.S.S.G. § 3E1.1 and violated his constitutional rights by denying an acceptance of responsibility adjustment after indicating pre-trial that he would receive the adjustment.  However, the court's statement that Torres-Gonzalez would receive the adjustment was made before he elected to withdraw his guilty plea and go to trial.  Contrary to Torres-Gonzalez's argument, the record reflects that the court thereafter denied the adjustment, not on the basis that Torres-Gonzalez went to trial, but rather because he contested his factual guilt at trial and did not show

contrition at sentencing. The court's finding that these actions reflected that Torres-Gonzalez did not accept responsibility for his offense was not clearly erroneous. *See* U.S.S.G. § 3E1.1 cmt. n.2; *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017) (acceptance adjustment "is not intended to apply to a defendant … who puts the government to its burden of proof at trial by denying the essential factual elements of guilt" (internal quotation marks omitted)).

Lastly, Torres-Gonzalez contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 68-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Torres-Gonzalez's criminal and immigration history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-50269