NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50059 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04731-LAB-1 |
| v. | |
| JOSE ZAMUDIO-SILVA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 13, 2019**
Pasadena, California

Before:  KELLY,*** PAEZ, and BADE, Circuit Judges.

Jose Zamudio-Silva appeals his sentence of twelve months' imprisonment

followed by three years' supervised release for illegal reentry following removal in

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

violation of 8 U.S.C. § 1326(a). Zamudio-Silva argues that his within-Guidelines sentence is procedurally and substantively unreasonable because the district court considered the transcript from Zamudio-Silva's previous sentencing hearing and denied a "fast track" departure under United States Sentencing Guidelines ("USSG") § 5K3.1.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review sentencing decisions for abuse of discretion, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), and we affirm.

I.

In reviewing sentencing decisions, we first consider whether the district court committed any "significant procedural error," including, "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally correct, we then consider "the substantive reasonableness of the sentence" under an abuse-of-discretion standard. *Carty*, 520 F.3d at 993. Because Zamudio-Silva did not assert any procedural objections in the district court, we review his claims of procedural error only for plain error. *See United States v. Valencia-Barragan*, 608

---

[1] Zamudio-Silva was sentenced in two matters at the same hearing on February 19, 2019. In the first case, No. 18-CR-4731-LAB, which is the subject of this appeal, he pleaded guilty to a being a removed alien in the United States, in violation of 8 U.S.C. § 1326. In the second case, No. 18-CR-3446-LAB, the court took judicial notice of Zamudio-Silva's guilty plea in the first case and on that basis found that he violated probation. Zamudio-Silva does not appeal his sentence for the probation violation.

F.3d 1103, 1108 (9th Cir. 2010).

This court does not review the district court's denial of a "fast track" departure under USSG § 5K for procedural error. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015). However, we may consider the district court's denial of the "fast track" departure in our analysis of the substantive reasonableness of the sentence. *See id.* at 1180, 1182. Although we do not presume that a within-Guidelines sentence is reasonable, we recognize that "a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Carty*, 520 F.3d at 988.

## II.

Zamudio-Silva argues that the district court committed procedural error at his February 19, 2019 sentencing hearing by considering the transcript from his October 1, 2018 sentencing hearing. The same district judge presided at both hearings. At the October 1, 2018 hearing, Zamudio-Silva was sentenced to probation, and subsequently removed from the United States, after pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326. A week later, on October 9, 2018, Zamudio-Silva was found in the United States and again charged with violating 8 U.S.C. § 1326. At the February 19, 2019 hearing, the district court sentenced Zamudio-Silva for the October 9, 2018 illegal reentry offense, which is the subject of this appeal, and for violating the term of probation imposed at the

October 1, 2018 sentencing hearing for the earlier illegal reentry offense.

Thus, the transcript of the October 1, 2018 hearing was relevant to Zamudio-Silva's February 19, 2019 sentencing hearing for the probation violation, which occurred at the same time as his sentencing in this matter. Although Zamudio-Silva's counsel stated that he did not have a copy of the hearing transcript, he nonetheless discussed the earlier sentencing hearing in his arguments at the second hearing. On appeal, Zamudio-Silva "agrees and accepts that [the] district court[] can make notes in the file and rely on its own recollection of the sentencing."[2] Zamudio-Silva does not explain why the district court could rely on its memory and notes of the earlier sentencing hearing but could not consider the transcript.

Nonetheless, Zamudio-Silva argues that it was unfair for the district court to ask questions about his statements at the previous hearing because those questions placed his counsel in an "impossible position" of saying that either Zamudio-Silva

---

[2] Zamudio-Silva has filed a Rule 28(j) letter citing *United States v. Gomez-Gomez*, No. 18-50080, 2019 WL 6839605 (9th Cir. Dec. 16, 2019). In that case, the court found that the district court plainly erred by relying on an earlier sentencing transcript without notifying the parties because Rule 32 of the Federal Rules of Criminal Procedure requires that "all facts relevant to the defendant's sentence must be provided to the defendant for adversarial testing." *Id*. at *2 (citations omitted). In *Gomez-Gomez*, the parties' briefs explain that the transcript was from a sentencing two years earlier, before a different judge in a different district. Even if this unpublished disposition were binding authority, it is distinguishable from this case. Here, Zamudio-Silva has not argued a violation of Rule 32 or that he was not provided facts relevant to his sentence. Instead, he was fully aware of the recent sentencing hearing before the same judge.

was being dishonest with the court or that his prior counsel failed to adequately investigate Zamudio-Silva's earlier case. Zamudio-Silva's counsel, however, was not placed in the "impossible position" Zamudio-Silva describes. Instead, counsel made several arguments to explain the apparent discrepancies in Zamudio-Silva's statements at the two hearings, including the argument he makes again on appeal that his prior counsel may not have presented certain information because the plea agreement recommended a time-served sentence and so there was "little reason [for prior counsel] to dig deep into the mitigation materials."

The district court's questions also allowed Zamudio-Silva and his counsel an opportunity to explain apparent discrepancies in Zamudio-Silva's statements at the two hearings. The district court properly considered this information as part of "the nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Therefore, the district court did not err, much less plainly err, by considering the transcript of Zamudio-Silva's prior sentencing hearing.

### III.

Zamudio-Silva also argues that the district court abused its discretion by improperly "double counting" his prior illegal entry conviction to support an upward adjustment of his base offense level and to deny the "fast track" departure. "Impermissible double counting occurs when one part of the Guidelines is applied

5

to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Holt*, 510 F.3d 1009, 1011 (9th Cir. 2007) (quoting *United States v. Nagra*, 147 F.3d 875, 883 (9th Cir. 1998)).

Zamudio-Silva does not argue that the district court abused its discretion by considering Zamudio-Silva's past illegal entry conviction to apply a four-level upward adjustment to his offense level calculation under USSG § 2L1.2. Nor does he argue that the district court abused its discretion in denying the "fast track" downward departure under USSG § 5K3.1. Instead, he argues that the district court's application of these two Guidelines sections resulted in improper double counting of his prior illegal reentry conviction.

We reject that argument because the district court properly considered Zamudio-Silva's prior conviction under USSG § 2L1.1.2 and properly considered that conviction as part of its decision to deny the § 5K3.1 departure. The district court did not rely solely on the prior conviction to deny the "fast track" departure. Instead, the court rejected the "fast track" departure based on Zamudio-Silva's criminal history, prior deportations, and his numerous other informal removals from the United States. The district court also found that the "speed with which" Zamudio-Silva returned to the United States after the court had previously granted him a "fast-track departure," and after Zamudio-Silva had promised not to return,

6

supported the sentence as a deterrent to Zamudio-Silva committing "the same felony." The district court did not abuse its discretion by considering Zamudio-Silva's "past criminal and immigration history" when denying the "fast track" departure.[3] *See Rosales-Gonzales*, 801 F.3d at 1184 (stating that under § 3553(a), the district court may consider defendant's immigration and criminal history to determine whether to grant fast-track reduction and to determine the proper sentence). Thus, the record reflects that the district court properly considered Zamudio-Silva's arguments for a "fast track" departure and the § 3553(a) factors. The within-Guidelines sentence of twelve months' imprisonment was substantively reasonable.

**AFFIRMED.**

---

[3] Zamudio-Silva also argues that the district court abused its discretion by denying the "fast track" departure on the basis that Zamudio-Silva had received this departure for his prior illegal reentry offense. The district court, however, did not deny the departure on this basis but instead considered several factors in its decision.

7