**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50162 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04378-LAB-1 |
| v. | |
| JUAN MIGUEL MENDOZA-LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Juan Miguel Mendoza-Lopez appeals from the district court's judgment and

challenges the 34-month sentence and conditions of supervised release imposed

following his guilty-plea conviction for being a removed alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Mendoza-Lopez first contends that the district court erred by denying a two-point, fast-track reduction to his offense level under U.S.S.G. § 5K3.1. We review the district court's denial of a fast-track departure as part of our review of the substantive reasonableness of the sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015). The sentence is substantively reasonable in light of the totality of circumstances and 18 U.S.C. § 3553(a) sentencing factors, including the need for deterrence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Mendoza-Lopez's argument that the district court denied the fast-track departure based on "unfounded and illogical assumptions" about his early waiver of trial rights is not supported by the record, which shows that the court properly denied the departure because of Mendoza-Lopez's immigration and criminal history, including his receipt of fast-track departures in two prior cases. *See Rosales-Gonzales*, 801 F.3d at 1184.

Mendoza-Lopez also contends that the judgment erroneously included mandatory and standard conditions when the district court orally pronounced only two special conditions of supervised release. The district court did not err because "imposition of . . . mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release." *United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006).

**AFFIRMED.**

19-50162