**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50201 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-04901-LAB-3 |
| v. | |
| ALBERTO LOPEZ-CASTANEDA, AKA Margarito Betancourt-Lopez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Alberto Lopez-Castaneda appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lopez-Castaneda contends that the district court abused its discretion by improperly relying on his criminal and immigration history to deny the parties' joint request for a fast-track departure under U.S.S.G. § 5K3.1 rather than evaluating whether he complied with the program's requirements and facilitated its policy goals. We review the denial of a fast-track departure as part of our review of the overall reasonableness of a sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015). The district court's consideration of Lopez-Castaneda's criminal and immigration history was proper, and, in light of that history and the need for deterrence, the sentence is substantively reasonable notwithstanding the timeliness of Lopez-Castaneda's plea. *See id.* at 1184-85; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). We reject Lopez-Castaneda's claim that the district court interfered with prosecutorial discretion when it inquired into the reasons for the joint recommendation.

**AFFIRMED.**

20-50201