**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS COVARRUVIAS-VILLAREAL,

Defendant-Appellant.

No. 21-50310

D.C. Nos.
3:21-cr-00031-WQH-1
3:21-cr-00031-WQH

MEMORANDUM*

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS COVARRUVIAS-VILLAREAL,
AKA Jesus Cobarruvias-Villareal,

Defendant-Appellant.

No. 21-50311

D.C. Nos.
3:21-cr-01706-WQH-1
3:21-cr-01706-WQH

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 16, 2023
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Jesus Covarruvias-Villareal appeals his 12-month sentence for illegal reentry under 8 U.S.C. § 1326 and his 10-month sentence for violation of the terms of his supervised release.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

***1.*** *Breach of Plea Agreement.*  In July 2021, Covarruvias-Villareal entered into a plea agreement for his illegal reentry charge.  The government agreed to recommend that Covarruvias-Villareal receive a "COVID variance" at sentencing—a two-level downward variance under 18 U.S.C. § 3553(a) "due to the nature of th[e] case and as part of the Temporary Plea Offer program."  The plea agreement also contained a breach waiver provision, under which Covarruvias-Villareal agreed to waive "any claim that the Government has not complied with this agreement" if he failed to raise it "before the sentencing hearing is complete."

At sentencing, the court expressed skepticism about whether Covarruvias-Villareal deserved to receive the COVID variance.  In response, the government's counsel made several comments about Covarruvias-Villareal's criminal history.[1]  Covarruvias-Villareal argues on appeal that the government's comments amounted to a breach of the plea agreement's promise that the government would recommend the variance.  The government responds that Covarruvias-Villareal

---

[1] The government stated that it "st[oo]d by . . . the COVID variance," but noted that the variance was "very generous in light of the defendant's criminal history."  The government proceeded to discuss the nature of Covarruvias-Villareal's prior criminal offenses, including that several of the offenses "don't score" as points for calculating his criminal history category.

waived any breach of the plea agreement by failing to object at sentencing, and that in any event, counsel's comments did not amount to breach.

Because Covarruvias-Villareal's counsel failed to object to the prosecutor's statements at sentencing, his claim of breach is subject to plain error review. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). One factor we must consider under plain error review is whether the error affected the defendant's substantial rights. *Id.* (citation omitted). An error affects a defendant's substantial rights if there is a reasonable probability that it affected the outcome. *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013); *see also United States v. Farias-Contreras*, 60 F.4th 534, 545–46 (9th Cir. 2023).

Here, even assuming that Covarruvias-Villareal's claim is not waived and that the government's comments breached the plea agreement, we conclude that the breach did not affect Covarruvias-Villareal's substantial rights. There is strong evidence that the district court intended to reject the COVID variance from the outset of the sentencing hearing. Indeed, prior to the prosecutor's remarks, the court stated that it was "not necessarily inclined to apply" the variance. The court explained that it had already taken COVID circumstances into account when it sentenced Covarruvias-Villareal in February 2021 for a separate § 1326 charge (for which he received time-served). The court expressed reluctance to give Covarruvias-Villareal the variance a second time, reasoning that he "kn[ew] better

3

than anybody that custody is more difficult during the pandemic." And while the court referred to the prosecutor's statements about criminal history later in the hearing, the court provided significantly more detail than the government, suggesting that it relied on the facts in the pre-sentence report rather than on the government's brief statements. *See Gonzalez-Aguilar*, 718 F.3d at 1187–89. Given the court's stated rationale for declining to apply the variance, Covarruvias-Villareal cannot show he suffered prejudice from a breach of the plea agreement.

**2.** *Sentencing Errors.* Covarruvias-Villareal argues that his cumulative 22-month sentence with a 3-year period of supervised release is unreasonable. In his plea agreement, Covarruvias-Villareal waived "all rights to appeal . . . [the] sentence," subject to exceptions not applicable here. Assuming, without deciding, that the government breached the plea agreement and that Covarruvias-Villareal is therefore relieved of his appeal waiver, we conclude that the sentence is reasonable. Challenges to a criminal sentence are reviewed "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Such challenges are analyzed "in two steps: First, we consider whether the district court committed significant procedural error. Second, we consider the substantive reasonableness of the sentence." *United States v. Rosales-Gonzales*, 801 F.3d 1177, 1179 (9th Cir. 2015) (internal quotation marks and citations omitted)).

Covarruvias-Villareal argues that the court procedurally erred by failing to

4

apply a COVID variance for reasons inconsistent with the policy behind the variance. This argument is properly considered in the context of substantive unreasonableness because we do not procedurally review "whether the district court correctly applied [the relevant departure provision]." *Id.* at 1180 (alterations in original) (quoting *United States v. Tankersley*, 537 F.3d 1100, 1114 (9th Cir.2008)).

Covarruvias-Villareal asserts that his sentence is substantively unreasonable because the court improperly weighed the § 3553(a) factors, ignored the joint sentencing recommendation of the parties, and failed to consider the circumstances of the pandemic. These arguments are unpersuasive. The sentence imposed reasonably reflects the district court's concern for deterrence in light of Covarruvias-Villareal's recent, repeated reentries. It was not unreasonable for the court to weigh deterrent interests more heavily than pandemic-related concerns when Covarruvias-Villareal had received a COVID variance earlier that year to little deterrent effect. The court also was not required to select a sentence contemplated by the plea agreement. The district court weighed other § 3553(a) factors, including Covarruvias-Villareal's family and economic motivations for entering the United States, but reasonably determined that a 22-month sentence was necessary.

**AFFIRMED.**