**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAFAEL PONCE-MEDINA,<br><br>Defendant-Appellant. | No.  17-50032<br><br>D.C. No. 3:16-cr-01988-DMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Rafael Ponce-Medina appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ponce-Medina argues that the district court procedurally erred by failing to consider the Guidelines range and explain the sentence sufficiently. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court used the correctly calculated 10-16 month range as its starting point and adequately explained its reasons for the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Ponce-Medina also contends that his sentence is substantively unreasonable in light of the age of his prior convictions and the district court's alleged overreliance on the 48-month sentence he received for a 2011 immigration conviction before the illegal reentry guideline was amended. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The court acknowledged that some of Ponce-Medina's prior convictions were stale, but nevertheless concluded that an upward variance was warranted in light of his criminal and immigration history as a whole. The court did not place undue weight on the length of any previous sentence. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

To the extent Ponce-Medina challenges the district court's decision not to grant a fast-track departure, we conclude that the court did not abuse its discretion.

17-50032

*See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183-84 (9th Cir. 2015)

(district court properly exercised its discretion to deny fast-track departure on the

basis of defendant's immigration and criminal history).

**AFFIRMED.**