NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50101 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02756-LAB |
| v. | |
| CARLOS GUTIERREZ-TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Carlos Gutierrez-Torres appeals from the district court's judgment and

challenges the 33-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gutierrez-Torres contends that the district court improperly double counted

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

when it imposed a four-level enhancement for a prior illegal reentry offense and then used that offense to justify a lesser fast-track departure than that recommended by the parties and a high-end sentence. The court did not abuse its discretion. *See United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir. 2013). "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) (internal quotations omitted). Here, the district court correctly applied a four-level enhancement based on Gutierrez-Torres's prior illegal reentry conviction, *see* U.S.S.G. § 2L1.2(b)(1)(A) (2016), and then *decreased* Gutierrez-Torres's base offense level under U.S.S.G. § 5K3.1. The court did not double count or otherwise err by considering Gutierrez-Torres's prior immigration offense in determining to grant only a one-level reduction and impose a high-end sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015) (under 18 U.S.C. § 3553(a), district court may consider defendant's immigration history to determine whether to grant fast-track reduction and the proper sentence); *Christensen*, 732 F.3d at 1101 (in selecting the sentence, the court may consider factors already accounted for in the Guidelines calculation). Nor does the record support Gutierrez-Torres's assertion that the court manipulated the Guidelines

calculation to create the sentencing range it preferred. *See Rosales-Gonzales*, 801

F.3d at 1181.

Gutierrez-Torres also argues that the district court procedurally erred by failing to address his argument about impermissible double counting and by failing to explain the sentence adequately. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The court addressed Gutierrez-Torres's arguments and adequately explained its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Finally, the 33-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need to deter. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**