NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50027 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02283-LAB-1 |
| v. | |
| CLISERIO BALMES-CRUZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before: TASHIMA and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Cliserio Balmes-Cruz ("Balmes-Cruz") appeals his sentence for illegal

reentry of a removed alien, in violation of 8 U.S.C. § 1326. Balmes-Cruz pleaded

guilty under a "fast track" plea agreement. At sentencing, both Balmes-Cruz and

the Government recommended a four-level departure under the United States

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Sentencing Guidelines ("Guidelines") and a sentence of four months in custody, or time served. The district court denied the four-level fast track departure and granted only a two-level departure, sentencing Balmes-Cruz to 12 months in custody. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

At sentencing, the district court stated that it was granting only a two-level departure based in part on the court's belief that Balmes-Cruz previously had been "deported" 12 times and had a "prior immigration felony." Balmes-Cruz argues that the district court erroneously concluded that he had been *deported* 12 times, when in fact he had been "voluntarily removed" 11 times and deported only once. Balmes-Cruz also argues that the district court erroneously believed that he previously had been convicted in 2007 of the *same crime* for which he was then being sentenced, when in fact his 2007 felony conviction was for aiding and abetting the transportation of an illegal alien in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2.

The district court explained that Balmes-Cruz was "entitled to something in light of the fact that it has been eight years" since his deportation in 2008, but a four-level proposed reduction was inappropriate in light of his "history of deportations and a prior immigration felony." The district court noted that accepting the parties' recommendation would result in a Guidelines range that was

17-50027

lower than the 15-month sentence that Balmes-Cruz received for his "last immigration felony," a result that the district court expressed would "incentivize[] people to return to the United States."

According to Balmes-Cruz, the district court relied on clearly erroneous facts. Because he did not raise these objections before the district court at the time of sentencing, we review the district court's calculation of his sentence for plain error. *United States v. Lloyd*, 807 F.3d 1128, 1139 (9th Cir. 2015). The district court did not plainly err.

Although Balmes-Cruz argues that voluntary removals are voluntary and less expensive to the Government than deportation, in each prior case Balmes-Cruz was found to be present in the United States illegally. At sentencing, the district court incorrectly referenced Balmes-Cruz's 12 prior "deportations," rather than his 11 prior voluntary removals and one prior deportation, but defense counsel and the Government made the same mistake. This distinction is not material. The district court expressed concern over Balmes-Cruz's recidivist tendencies illegally to return to the United States. This concern is not lessened by the fact that a voluntary departure is less expensive to the Government than a deportation. Further, Balmes-Cruz did have a prior immigration-related felony. Thus, the district court did not base Balmes-Cruz's sentence on clearly erroneous facts.

Balmes-Cruz also argues that the district court applied the wrong legal

standard when it denied the parties' joint recommendation for a four-level fast track departure. As a general proposition, in analyzing challenges to a district court's upward or downward departures under the Guidelines, we do not evaluate such departures for procedural correctness, but rather, as part of a sentence's substantive reasonableness. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009). We will reverse a sentencing decision only if we have "a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). We do not have such a conviction in this case.[1]

**AFFIRMED**.

---

[1] During oral argument and in post-argument correspondence, Balmes-Cruz contends that the district court manipulated the Guidelines calculation to achieve a particular Guidelines range. In *United States v. Rosales-Gonzales*, 801 F.3d 1177 (9th Cir. 2015), which involved the same sentencing judge who sentenced Balmes-Cruz, we noted that although a "district court may impose a sentence outside the Guidelines range, it may not manipulate the calculations under the Sentencing Guidelines in order to produce a Guidelines range that will allow it to impose the sentence it prefers." *Id*. at 1181 (internal quotation marks omitted). Because Balmes-Cruz did not raise this issue in his opening brief, we decline to consider it. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").