NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50232 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00471-BEN |
| v. | |
| ANTONIO BARRERA-RAMIREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Antonio Barrera-Ramirez appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Barrera-Ramirez contends that the district court procedurally erred by failing to calculate the Guidelines range at the outset of the sentencing hearing. Contrary to Barrera-Ramirez's contention, we review this claim for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court did not plainly err because the record reflects that the court was aware of the applicable Guidelines range, which it correctly calculated at the end of the sentencing hearing. Barrera-Ramirez has not shown a reasonable probability that he would have received a different sentence if the court had calculated the Guidelines range earlier in the hearing. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Barrera-Ramirez's contentions that the court did not use the Guidelines range as a benchmark, and that it manipulated the Guidelines calculation to produce the sentencing range it preferred, are also without merit. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1181 (9th Cir. 2015) (district court's decision to deny the parties' request for a fast-track departure did not constitute manipulation of the Guidelines calculation).

Barrera-Ramirez further contends that the district court erred by relying on erroneous facts at sentencing. The court did not plainly err. *See Valencia-Barragan*, 608 F.3d at 1108. Any misapprehension the court had about the extent of the fast-track departure granted in Barrera-Ramirez's 2011 case, or the

Guidelines range calculated in that case,[1] did not affect the court's sentencing decision. *See Dallman*, 533 F.3d at 762. The court based its sentence on Barrera-Ramirez's criminal and immigration history, including the 21-month sentence Barrera-Ramirez received in the 2011 case, and the need to deter. Because the district court did not depart from the Guidelines range in this case, Barrera-Ramirez's argument that the court's reliance on erroneous facts concerning his 2011 sentencing violated Federal Rule of Criminal Procedure 32(h) also fails. *See* Fed. R. Crim. P. 32(h).

Lastly, Barrera-Ramirez contends that the district court abused its discretion by denying a fast-track departure. Contrary to Barrera-Ramirez's argument, the record reflects that the district court properly based its decision on the individualized facts of his case, including his criminal and immigration history. *See Rosales-Gonzales,* 801 F.3d at 1183-84. The district court did not abuse its discretion in denying a fast-track departure and imposing a 30-month sentence. *See id.* at 1184-85.

**AFFIRMED.**

---

[1] The government's request that we take judicial notice of the sentencing transcript from Barrera-Ramirez's prior case is granted.

17-50232