**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50085 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03465-LAB |
| v. | |
| ALLAN ROBERTO GUEVARA-LOPEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Allan Roberto Guevara-Lopez appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Guevara-Lopez contends that the district court procedurally erred by refusing to apply the current Guidelines. Contrary to Guevara-Lopez's contention, we review this claim for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and conclude that there is none. The district court correctly calculated the Guidelines range under the amended version of U.S.S.G. § 2L1.2, and used that range as the starting point for its sentencing decision. *See Gall v. United States*, 552 U.S. 38, 49 (2007). Nothing in the record supports Guevara-Lopez's argument that the court ignored the purpose behind the amendment to section 2L1.2 or the policy statement authorizing fast-track departures under U.S.S.G. § 5K3.1.

Guevara-Lopez also argues that the district court abused its discretion and violated his constitutional rights by denying a fast-track departure and varying upward from the Guidelines range. The record reflects that the district court properly based its denial of the fast-track departure on individualized factors, including Guevara-Lopez's immigration history. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015). The court permissibly considered Guevara-Lopez's prior sentences when evaluating what sentence would be sufficient to achieve deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), and did not abuse its discretion by varying upward from the Guidelines range to impose a sentence greater than the one Guevara-Lopez received in 2014 for the same offense. *See*

*United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir. 2015).

**AFFIRMED.**