**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50355 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03202-LAB |
| v. | |
| JESUS YUGOPICIO-ROJAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jesus Yugopicio-Rojas appeals from the district court's judgment and

challenges the 12-month term of imprisonment, three-year term of supervised

release, and three conditions of supervised release imposed following his guilty-

plea conviction for being a removed alien found in the United States, in violation

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part with instructions.

Yugopicio-Rojas contends that the district court abused its discretion by applying a two-level fast-track departure under U.S.S.G. § 5K3.1 instead of the parties' requested four-level departure. We do not review the district court's partial grant of the departure for procedural correctness, but rather as part of our review of the substantive reasonableness of the sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015).[1] The district court did not abuse its discretion by imposing a two-level fast-track departure and a 12-month sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Yugopicio-Rojas's prior drug trafficking conviction and multiple removals. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Yugopicio-Rojas also contends that the district court procedurally erred by failing to calculate the Guidelines range for the supervised release term and by

---

[1] Contrary to Yugopicio-Rojas's argument, *Rosales-Gonzales* is not "clearly irreconcilable" with *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Thus, we remain bound by *Rosales-Gonzales*. To the extent Yugopicio-Rojas contends that the district court denied the four-level departure based on a blanket policy, the record belies this argument. The court properly declined to grant the full requested departure based on the particular circumstances of Yugopicio-Rojas's case. *See Rosales-Gonzales*, 801 F.3d at 1183-84.

insufficiently explaining its decision to impose a three-year term.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  Yugopicio-Rojas has not shown a reasonable probability that he would have received a different sentence had the district court expressly calculated the applicable Guidelines range or more fully explained its decision to impose a three-year term.  *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Finally, the government concedes, and we agree, that conditions 4, 7, and 8 in the written judgment conflict with the oral pronouncement of sentence, which did not include these now nonstandard conditions.  *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006).  We thus remand and instruct the district court to strike conditions 4, 7, and 8 from the written judgment.  *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

**AFFIRMED in part; REMANDED in part with instructions.**