**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50236 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02877-LAB |
| v. | |
| JOSE MARIN SALDANA-REYES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Jose Marin Saldana-Reyes appeals from the district court's judgment and challenges the 12-month sentence and three conditions of supervised release imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm in part and vacate and remand in part.

Saldana-Reyes first contends that the district court erred procedurally by manipulating the Guidelines range to achieve its preferred sentence when it denied a fast-track departure pursuant to U.S.S.G. § 5K3.1. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court's preliminary statement regarding its view of the appropriate sentencing range, followed by extensive opportunity for argument from the parties, does not undermine its ultimately proper procedure. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1181-82 (9th Cir. 2015). Moreover, the record does not reflect any impermissible "blanket policy of denying the fast-track departure." *Id.* at 1184.

Saldana-Reyes also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Saldana-Reyes's immigration and criminal history. *See Gall*, 552 U.S. at 51.

Finally, Saldana-Reyes challenges three conditions of supervised release—standard supervised release conditions 4, 5, and 13. The government concedes, and we agree, that conditions 4, 5, and 13 in the written judgment are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th

18-50236

Cir.), *cert. denied*, 139 S. Ct. 133 (2018).  We therefore remand for the district court to modify these conditions consistent with our opinion in *Evans*.

**AFFIRMED in part; VACATED and REMANDED in part.**