**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50045 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04986-LAB-1 |
| v. | |
| ANGEL REYES-TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Angel Reyes-Torres appeals from the district court's judgment and

challenges the 18-month sentence, three-year term of supervised release, and three

conditions of supervised release imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand with instructions.

Reyes-Torres contends that the district court erred by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1. We review the denial of a fast-track departure only as part of our review of the overall substantive reasonableness of the sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015).[1] The district court did not abuse its discretion by imposing the 18-month sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Reyes-Torres's significant immigration and criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Reyes-Torres next contends that the district court erred by failing to calculate the Guidelines range for the supervised release term and by insufficiently explaining its decision to impose a three-year term. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and

---

[1] Contrary to Reyes-Torres's argument, *Rosales-Gonzales* is not "clearly irreconcilable" with *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Thus, we remain bound by *Rosales-Gonzales*. The record belies Reyes-Torres's contention that the district court denied the fast-track departure based on a blanket policy. Rather, the record reflects that the court properly declined to grant the departure based on the particular circumstances of Reyes-Torres's case. *See Rosales-Gonzales*, 801 F.3d at 1183-84.

19-50045

conclude that there is none. On this record, Reyes-Torres has not shown a reasonable probability that he would have received a different sentence had the district court expressly calculated the applicable Guidelines range or more fully explained its decision to impose the three-year term of supervised release. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Finally, the government concedes, and we agree, that conditions 4, 7, and 8 in the written judgment conflict with the oral pronouncement of sentence, which did not include these nonstandard conditions. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). We thus remand and instruct the district court to strike conditions 4, 7, and 8 from the written judgment. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

**AFFIRMED in part; REMANDED with instructions.**