**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50105 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00504-PA-1 |
| v. | |
| MELANIE DENE MITCHEM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 18, 2019[**]

Before    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Melanie Dene Mitchem appeals from the district court's judgment and

challenges the four-month sentence imposed following her guilty-plea conviction

for willful failure to file tax returns, in violation of 26 U.S.C. § 7203.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mitchem contends that the district court erred by considering facts outside of the record, misapprehending the circumstances of the offense, and disregarding the mitigating evidence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court did not consider evidence outside of the record, but rather made reasonable inferences from the evidence before it. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1166 (9th Cir. 2010). Furthermore, the district court properly considered the need for general deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). Finally, the record reflects that the district court understood the evidence and considered Mitchem's mitigating arguments. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Mitchem also contends that the sentence is substantively unreasonable in light of the circumstances of the offense and her role as the sole provider for her son. Specifically, she challenges the district court's failure to grant a downward departure under U.S.S.G. § 5H1.6. We review the district court's denial of discretionary departures only as part of our review of the overall substantive reasonableness of the sentence. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015). The district court did not abuse its discretion by imposing the below-Guidelines sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.

19-50105

*See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**