NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FRANCISCO GOMEZ-CRUZ,<br><br>Defendant-Appellant. | Nos. 19-50200<br>19-50201<br><br>D.C. Nos. 3:19-cr-00741-LAB-1<br>3:18-cr-03281-LAB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

In these consolidated appeals, Francisco Gomez-Cruz appeals the 16-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 10-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Gomez-Cruz contends that the aggregate 26-month sentence is substantively unreasonable. He argues that the district court abused its discretion by denying the parties' joint recommendation for a two-level fast-track departure under U.S.S.G. § 5K3.1, and that the circumstances did not support consecutive high-end sentences. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015). The 26-month sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Gomez-Cruz's significant immigration history. *See Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 7B1.3(f). Moreover, contrary to Gomez-Cruz's contentions, the district court considered the section 3553(a) factors and adequately explained its reasons for the sentence, *see United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc), and did not rely on any clearly erroneous facts, *see United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

**AFFIRMED.**